IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN – MADISON DIVISION

| | |
|---|---|
| **JOSHUA RABEL,** | |
| and | |
| **ANDREA RABEL,** | |
| as the legal guardians of | |
| **N. R.,** their minor child, | Case No. 21-cv- |
| Petitioners, | |
| vs. | |
| **NEW GLARUS SCHOOL DISTRICT,** a Wisconsin local public school authority, | |
| Respondent. | |

**PETITION FOR JUDICIAL REVIEW OF STATE EDUCATIONAL AGENCY DECISION UNDER 20 U.S.C. §1415**

*Introduction*

1.  This action is made to appeal an administrative decision of the Wisconsin Division of Hearing and Appeals concerning a dispute arising out of the Individuals with Disabilities in Education Act (IDEA)

2.  This decision denied a request by Petitioners for their minor daughter to receive educational services from her home school district of New Glarus rather than

being forced to attend a specialized school for students with disabilities located outside her district and community.

*Parties, Jurisdiction, and Venue*

3. N.R. is a natural person and minor child, aged fifteen, who is enrolled in, and a resident of, the New Glarus School District. N.R. is also referred to as "the Student" in the decision from which Petitioners appeal.

4. N.R. is a student covered by the IDEA due to disabilities related to autism, Down Syndrome, and hearing impairment.

5. Joshua Rabel is a natural person, the father of N.R., and a legal resident within the boundaries of the New Glarus School District.

6. Andrea Rabel is a natural person, the mother of N.R., and a legal resident within the boundaries of the New Glarus School District.

7. Joshua and Andrea Rabel are N.R.'s only legal guardians.

8. The New Glarus School District is a taxpayer-funded municipal public school district serving the village and area immediately surrounding New Glarus, Wisconsin.

9. The New Glarus School District is responsible for special education services for N.R. through her Individualized Education Plan (IEP) under the IDEA.

10. This Court retains jurisdiction over the case and controversy as all parties legally reside or operate within Green County, Wisconsin, within the bounds of the Western District of Wisconsin, and are subject to service therein.

11. The Court retains subject matter jurisdiction under 28 U.S.C. §1331 (federal question jurisdiction), as this action arises under 20 U.S.C. §1415.

12. Venue is proper in the Western District of Wisconsin as all parties reside or operate therein, and the factual allegations necessitating the filing of this action occurred entirely, or nearly entirely, within the bounds of Green County, Wisconsin, within the boundaries of the Madison Division of the Western District of Wisconsin.

*The Administrative Decision under Appeal*

13. On December 22, 2020, Senior Administrative Law Judge Sally J. Pederson of the Wisconsin Division of Hearings and Appeals (DHA) timely issued a final decision on a request for a due process hearing under the IDEA filed by the Petitioners with the Wisconsin Department of Public Instruction (DPI).

14. The Rabel's request was timely filed September 1, 2020, as DPI Case# LEA-20-0007, and was subsequently assigned to the DHA under normal Wisconsin procedures, as DHA Case# DPI-20-0009.

15. The case presented two issues for administrative adjudication:

a. "From on or about December 5, 2019 through the end of 2019-2020 school year, did the District deny the Student a free, appropriate public education by shortening the hours of instruction and/or amount of educational services she received?" Exhibit 1, at 2.

b. "Does the District's placement of the Student at Common Threads for the 2020-2021 school year deny her a free, appropriate public education in the least restrictive environment." Id.

16. Judge Pederson's decision was issued following a two-day videoconference administrative hearing, held on October 29 and 30, 2020.

17. A copy of Judge Pederson's decision is attached as Exhibit 1, with the redactions required by F.R.C.P. Rule 5.2.

18. This action is being filed within the 45 days allowed under Wis. Stat. §115.80(7).

*Grounds for Appeal*

19. The DHA Decision denied all relief requested by the Rabel family, finding for the District on both of the above issues.

20. By this Petition, the Rabels seek this Court's review only on the second issue: "Does the District's placement of the Student at Common Threads for the 2020-2021 school year deny her a free, appropriate public education in the least restrictive environment." Exhibit 1, at 2.

21. As discussed in the DHA Decision, Respondent New Glarus School District has refused the family's requests to allow N.R. to enroll in or attend the New Glarus Schools, instead mandating that N.R. receive services from a private specialized school for students with disabilities, Common Threads in McFarland.

22. By denying all relief on this issue, the DHA Decision denies N.R. the right to be educated with non-disabled students in her home school district, a right mandated and protected under the IDEA, 20 U.S.C. §1412(1).

23. The IDEA carries a mainstreaming mandate that prevents a student being forced to attend a segregated school so long as educational needs can be met satisfactorily in the student's normal public school district. 20 U.S.C. §1412(1); 34 C.F.R. §300.14(a)(2).

24. The DHA Decision disregarded clear and undisputed evidence presented by both parties showing the N.R. can receive appropriate educational services in either New Glarus or the specialized disability school, and as such does not follow the controlling law of the IDEA and the precedent interpreting it.

*Request for Relief*

25. Petitioners request that this Court grant the following relief:

    a. Reverse the findings and decision of the DHA regarding the placement of N.R. in a segregated institution.

b.   Issue an order requiring Respondent New Glarus School District to integrate N.R. with appropriate services and accommodations.

c.   Grant a judgment for attorney's fees and costs to Petitioners, pursuant to 20 U.S.C. 1415(i)(3)(B)(i)(I).

d.   Grant whatever other relief the Court finds appropriate and is allowed by law.

26. Prior to its decision in this case, Petitioners also request that the Court hear additional evidence concerning new services now to be provided to N.R. through New Glarus Public Schools, which further demonstrate that N.R. can be educated in her home school district rather than forced to attend a segregated school outside of it.

Respectfully submitted,

  s/ Brady R. Henderson
Brady R. Henderson, Wis. Bar #1116435, Okla. Bar #21212
Cream City Law, LLC
5150 N Port Washington Rd., Suite 210
Milwaukee, WI 53217
(414) 563-7453
brady@creamcity.law